# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDDIE D. WILSON,

    Plaintiff,

v.

KRD TRUCKING WEST, et al.,

    Defendants.

Case No. 2:10-CV-00163-KJD-RJJ

**ORDER**

    Currently before the Court is pro se Plaintiff Eddie D. Wilson's ("Wilson") Motion to Amend (#16). Defendant KRD Trucking West ("KRD") filed a Response in Opposition (#18), to which Plaintiff filed a Reply (#20). Plaintiff filed his original Complaint on February 8, 2010, alleging two claims for relief under 43 U.S.C. § 1983 for discrimination and retaliation in violation of his civil rights. On March 19, 2010, KRD filed a Motion to Dismiss, (#6). Plaintiff filed a Response (#9), to which KRD filed a Reply. Subsequently, Plaintiff filed the instant Motion to Amend and attached an Amended Complaint which conceded that his original Complaint is deficient. (See #20 at 2.)

**I. Legal Standard for Motion to Amend**

    A party may amend a pleading once as a matter of course within twenty-one days of serving it if no responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(A). The court has discretion to permit an amendment to an answer, or to grant leave to file a counterclaim. See Gentala v. City of Tucson, 213 F.3d 1055, 1061 (9th Cir. 2000); Ralston-Purina Co. v. Bertie, 541 F.2d 1363, 1367 (9th Cir. 1976). Fed. R. Civ. P. 15(a) is to be applied liberally in favor of amendment. Typically, leave "shall be freely given when justice so requires." See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir.1994). When considering whether to grant or deny a motion seeking leave to amend, a court may consider whether there is (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)

futility in the amendment, and (5) whether the movant has previously amended the pleading.  See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

**II. Analysis**

Here, though KRD avers that Plaintiff's Motion to Amend should be denied due to futility, the Court construes pro se pleadings liberally, and finds that Plaintiff has sufficiently complied with the rules of Civil Procedure and brings sufficient allegations to arguably overcome futility. Additionally, though somewhat untimely, the Court finds no evidence of bad faith or dilatory tactics that would prejudice the Defendants at this time.

**III. Conclusion**

Accordingly, good cause appearing, **IT IS HEREBY ORDERED** that  Plaintiff's Motion to Amend (#16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant KRD's Motion to Dismiss (#6) is **DENIED** as moot, as it is based upon the allegations of Plaintiff's original Complaint.

DATED this 6th day of January, 2011.

_____
Kent J. Dawson
United States District Judge