UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDDIE D. WILSON,

    Plaintiff,

v.

KRD TRUCKING WEST,

    Defendant.

Case No. 2:10-CV-00163-KJD-RJJ

**ORDER**

    Presently before the Court is Plaintiff's Motion for Summary Judgment (#33). Defendant responded (#36), and Plaintiff replied (#38). Also before the Court is Defendant's Motion for Summary Judgment (#31). Plaintiff responded (#37), and Defendant replied (#39).

I.  Facts

    Republic Services ("Republic") terminated the employment of Mr. Eddie D. Wilson ("Plaintiff") in 2003 for allegedly unexcused absences. In February 2004, Republic was informed that Plaintiff had filed charges against it with the United States Equal Employment Opportunity Commission ("EEOC"). In 2006, Plaintiff was employed by Wilson's Logistics ("Logistics") as a driver when it went out of business. Logistics' drivers were given the opportunity to apply with either Republic or KRD Trucking West, Inc. ("Defendant"). However, Republic President Bob Coyle

("Coyle") allegedly stated that any driver previously terminated by Republic would not be hired by Republic, but could still apply with Defendant.

On or about October 18, 2006, Plaintiff received an application packet for Defendant and returned it. Plaintiff was allegedly told that he was hired and asked to submit to a drug test. After passing his drug test, Plaintiff was told that drivers would begin work on or around October 30th, 2006. Despite several calls and a personal visit to Defendant, Plaintiff alleges that he was repeatedly told that Defendant had no work for him until it received more equipment, but that he would be called in for work shortly. That call never came. Plaintiff alleges that he was not called in to work because Republic distributed a list containing the names of those who had participated in the EEOC claim and instructed Defendant not to hire these individuals.

In February of 2010, Plaintiff brought the instant action, with an amended complaint filed on January 6, 2011. He asserts claims for retaliation in violation of Title VII, discriminatory hiring practices, breach of implied contract, breach of the covenant of good faith and fair dealing, and promissory estoppel. Plaintiff and Defendant have both moved for summary judgment on all claims.

II.  Analysis

    A.  Legal Standard

        i.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

1  All justifiable inferences must be viewed in the light must favorable to the nonmoving party.
2  See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere
3  allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit
4  or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.
5  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual
6  issues of controversy in favor of the non-moving party—by denying the motion—where the facts
7  specifically averred by that party contradict facts specifically averred by the movant. See Lujan v.
8  Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage
9  Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is
10 insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete
11 and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc.,
12 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more,
13 will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha
14 Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

15  Summary judgment shall be entered "against a party who fails to make a showing sufficient
16 to establish the existence of an element essential to that party's case, and on which that party will
17 bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted
18 if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

19  ii.  Standard for Pro Se litigants

20  Pro se litigants are not held to the same standard as admitted or bar licensed attorneys. Haines
21 v. Kerner, 404 U.S. 519, 520-21 (1972). Pleadings by *pro se* litigants, regardless of deficiencies,
22 should only be judged by function, not form. Id. However, a *pro se* plaintiff is not entirely immune
23 from the civil rules of procedure. Although the Court must construe the pleadings liberally, "*[p]ro se*
24 litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814
25 F.2d 565, 567 (9th Cir. 1987). See also, Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although
26 we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure.");

Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986) ("*[P]ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

### B.  Retaliation

Title VII prohibits retaliation against employees who have made charges, testified, or participated in any manner in proceedings conducted under Title VII. 42 U.S.C. § 2000e-3. In order to establish a *prima facie* case of retaliation, Plaintiff must demonstrate that: (1) he engaged in a protected activity, (2) that he was thereafter subjected to adverse employment action, and (3) that a causal link exists between the two. Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982). If Plaintiff establishes a *prima facie* case, the burden shifts to the Defendant to establish a "legitimate, non-retaliatory" basis for its actions. Nilsson v. City of Mesa, 503 F.3d 947, 954 (9th Cir. 2007). If successful, the burden reverts to the Plaintiff who must demonstrate that the proffered explanation was mere pretext. Id.

Here, Plaintiff engaged in proceedings under Title VII by filing charges with the EEOC against Republic in 2004, a protected activity. Plaintiff experienced an adverse employment action when Defendant refused to hire him. The pivotal question is whether the adverse employment action was caused by Plaintiff's prior involvement with the EEOC. Plaintiff asserts that Republic circulated a list containing the names of those who participated in the 2004 EEOC charges, and also instructed Defendant not to hire these individuals. Plaintiff appears to have requested this list and supporting information from Defendant and opposing counsel during discovery. Ultimately, Plaintiff moved to compel and sought sanctions (#30). In response, opposing counsel filed an affidavit stating that he would immediately respond to Plaintiff's discovery requests. (#35). Plaintiff's motion was denied for failure to meet and confer in compliance with Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 26-7 (#40). It is unclear if opposing counsel has in fact provided the information requested. Moreover, Defendant has not disavowed the existence or use of such a list. Defendant has supplied the affidavit of Mr. Ron Carlson ("Carlson") that he was unaware of Plaintiff's involvement with the EEOC charges, but Mr.

Carlson's ignorance does not necessarily preclude retaliation by other members of Defendant's management.

The existence, contents, and use of this list remain in dispute and constitute a genuine issue of material fact. Accordingly, both Plaintiff's and Defendant's motions for summary judgment are denied as to the claim for retaliation.

### C.  Discriminatory Hiring

Title VII and 42 U.S.C. § 1981 prohibit discrimination on the basis of race and other protected or semi-protected categories such as age, or gender. A defendant violates Title VII and 42 U.S.C. § 1981 by using these categories inappropriately in making hiring decisions. Plaintiff does not contended that Defendant inappropriately used his membership in a protected class as a basis for its decision not to hire him. Rather, he avers that his involvement in the EEOC charges led to his inclusion on a do-not-hire list which was the basis for Defendant's decision. During his deposition, Plaintiff expressly denied any belief that race, age, or religion were relevant to Defendant's decision. There is no evidence of discrimination based on Plaintiff's membership in a protected class. Accordingly, summary judgment is granted for Defendant on the claim of discriminatory hiring.

### D.  Breach of Implied Contract

Nevada law requires the plaintiff in a breach of contract action to show: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach. Mizrahi v. Wells Fargo Home Mortg., 2010 WL 2521742 (D. Nev. June 16, 2010) (citing Saini v. Int'l Game Tech., 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006)). Although the terms of an implied contract are manifested by conduct rather than written words as in an express contract, both "are founded upon an ascertainable agreement." Smith v. Recrion Corp., 91 Nev. 666, 668, 541 P.2d 663, 664-65 (1975). To form an enforceable contract requires the following: (1) offer and acceptance, (2) meeting of the minds, and (3) consideration. May v. Anderson, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "[P]reliminary negotiations do not constitute a binding contract unless the parties have agreed to all

material terms…[or] when material terms are lacking or are insufficiently certain and definite. Id. at 672.

Plaintiff has not established the existence of a valid and enforceable implied contract.  There is no ascertainable agreement between the parties because Plaintiff has failed to identify many of the material terms commonly found in an employment agreement such as shift assignments, location, and specific job duties.  Even if Defendant offered Plaintiff a position and Plaintiff accepted, the parties would have still been required to continue

negotiations in order to form a binding agreement since they did not agree on all material terms. Id. Accordingly, summary judgment is granted to Defendant on the claim for breach of implied contract.

E.  Breach of the Covenant of Good Faith and Fair Dealing.

The covenant of good faith and fair dealing may be breached "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes (sic) the intention and spirit of the contract." Hilton Hotels Corp. v. Butch Lewis Productions, Inc., 107 Nev. 226, 232, 808 P.2d 919, 922-23 (1991). A valid contract is prerequisite to a claim for breach of the covenant of good faith and fair dealing. As discussed supra, no contract was formed in this case. Without a valid contract, Plaintiff cannot recover for breach of the covenant of good faith and fair dealing. Accordingly, the motion for summary judgment is granted to Defendant on this claim.

F.  Promissory Estoppel

Defendant argues that Plaintiff's promissory estoppel claim fails because it attempts to substitute for the agreement of the parties, rather than for consideration, in forming a contract. Defendant's argument appears to have merit. See Vancheri v. GNLV Corp., 105 Nev. 417, 421, 777 P.2d 366, 369 (1989). Plaintiff has failed to file points and authorities in response.  Local Rule 7–2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7–2(d). See also, Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a

1  proper ground for dismissal."). Accordingly, summary judgment is granted in favor of Defendant on
2  this claim.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (#33) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (#31) is **GRANTED IN PART**, and **DENIED IN PART**.

DATED this 23rd day of May 2012.

_____
Kent J. Dawson
United States District Judge