1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   EDDIE WILSON,                                    )
10                        Plaintiff,                 )        Case No. 2:10-cv-00163-KJD-NJK
11   vs.                                             )        ORDER DISCHARGING IN PART
                                                     )        ORDER TO SHOW CAUSE AND
12   KRD TRUCKING WEST,                              )        SANCTIONING NICHOLAS
                                                     )        CROSBY
13                        Defendant.                 )
     _____)
14

15          On January 23, 2013, District Judge Dawson referred this matter to the undersigned Judge

16   for a settlement conference.  Docket No. 53.  Pursuant to that order, and also on January 23, 2013,

17   this Court scheduled a settlement conference to be held on February 20, 2013.  Docket No. 54 ("SC

18   Order").  The SC Order outlined the requirements for that settlement conference, including that

19   counsel arrange the attendance of a proper company representative.  Defendant KRD Trucking West

20   and its counsel, Nicholas Crosby, appeared at the settlement conference without a representative

21   with full settlement authority, prompting the Court to order them to show cause why they should not

22   be sanctioned pursuant to Fed. R. Civ. P. Rule 16(f),[1] the Court's inherent authority, and/or Local

23   Rule IA 4-1.  Docket No. 57.  The Court has now received and reviewed their response.  Docket No.

24   58.  For the reasons discussed below, the Court hereby **DISCHARGES** the order to show cause as

25   to Defendant KRD Trucking West and **SANCTIONS** Mr. Crosby personally in the amount of $560

26   pursuant to Federal Rule 16(f) and Local Rule IA 4-1.

27

28

_____

[1] References to "Federal Rules" hereafter refer to the Federal Rules of Civil Procedure.

## I.     STANDARDS

Attorneys are required to follow Court orders.  Federal Rule 16(f) requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.  Violations of Federal Rule 16 are neither technical nor trivial.  *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999).[2]  It is clear that "the rule is broadly remedial and its purpose is to encourage forceful judicial management."  *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986).  The rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties."  *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (en banc). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).

Federal Rule 16(f) applies to all pretrial orders, including orders regarding court-mandated settlement conferences.  *See, e.g., Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 483 (D.Ariz. 2003), *amended on review on other grounds*, 2003 WL 23353478 (D. Ariz. 2003).  Indeed, the Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences.  *See, e.g.*, *Lucas Auto.*, 275 F.3d at 769 (affirming sanctions for failure to attend mediation with appropriate representative); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order to have representative with settlement authority available by telephone during settlement conference); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanctions for attorney who failed to appear at scheduled settlement conference).

Similar to Federal Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney . . . who, without just cause . . . [f]ails to comply with any order of this Court."  Local Rule IA 4-1.

---

[2]  Indeed, the sanctions for violations of Federal Rule 16(f) can be severe in nature, including entry of default judgment against a defendant.  *See* Federal Rule 37(b)(2)(A)(vi).

## II.   FACTUAL OVERVIEW

Court-ordered settlement conferences provide an important vehicle for the parties to attempt to resolve their dispute short of trial.  This Court expends significant time preparing for and conducting them, and takes them very seriously.  Settlement conferences are not meaningful absent attendance by those with full settlement authority.  *E.g.*, *Nick v. Morgan's Food, Inc.*, 270 F.3d 590, 597 (8th Cir. 2001) (attendance at a mediation with a corporate representative with limited authority "is to in effect negate the ability of that mediation to in any way function, much less be successful").  To that end, the Court's SC Order provided in relevant part that:

> In the case of non-individual parties, counsel of record shall arrange for an officer or representative with binding authority to settle this matter up to the full amount of the claim or last demand made to be present for the duration of the conference.  **No exceptions are made to this requirement**.

Docket No. 54 at 1 (emphasis in original).[3]

Mr. Crosby failed to comply with this requirement, appearing at the settlement conference without a representative with settlement authority up to the full amount of the claim or the last demand made.  Instead, he appeared with Ron Carlson, a representative with settlement authority only up to $5,000.  *See, e.g.*, Docket No. 58 at 2.  When it became clear at the settlement conference that Mr. Carlson had limited settlement authority, the Court inquired as to why Mr. Crosby failed to appear with a representative with proper settlement authority.  Mr. Crosby indicated that such a representative is out-of-state and could be reached by telephone if an amount slightly above $5,000 would settle the case.  *See id.* at 3.

## III.   ANALYSIS

In responding to the order to show cause, Mr. Crosby contends that an imposition of sanctions would be inappropriate because (1) the Court's SC Order is vague and confusing and (2) the Court's requirement that a representative with full authority attend the settlement conference is

---

[3] As the SC Order makes clear, it is counsel's responsibility to arrange for a proper representative to appear at the settlement conference.  Moreover, the Response to the order to show cause indicates that any fault lies with Mr. Crosby and not with Defendant.  *See* Docket No. 58 at 6.  Accordingly, the Court discharges the order to show cause as to Defendant itself.

not pragmatic.  The Court addresses each contention in turn.[4]

### A.    Clarity of the Court's Order

Mr. Crosby argues primarily that his appearance at the settlement conference with a representative having only $5,000 in settlement authority was justified by the fact that the Court's SC Order is "vague and confusing."  The question before the Court is whether any of the language identified by Mr. Crosby justifies his appearance at the settlement conference with a representative having $5,000 in settlement authority.  Mr. Crosby's arguments regarding the SC Order, quite simply, do not provide such a justification.

At the outset, the Court finds it notable that Mr. Crosby does not provide a declaration (or statement in his brief) indicating that he was actually confused prior to the settlement conference by the language he now identifies as confusing.  The Court finds this omission significant, as it appears that some or all of the arguments raised now are *post hoc* justifications that had no bearing on Mr. Crosby's decision to arrange for the attendance of a corporate representative with only $5,000 settlement authority.  In any event, even assuming that Mr. Crosby was actually confused about the Court's requirements for the settlement conference, the Court still finds the imposition of monetary sanctions appropriate here.  *See Lucas Auto.*, 275 F.3d at 769 (sanctions may be imposed even when disobedience is unintentional).

The first point of ambiguity argued by Mr. Crosby is that the SC Order allows attendance of a representative with authority up to the "last demand made," but does not specify that it refers to the last demand made *by the opposing party*.  Docket No. 58 at 3.  As such, Mr. Crosby contends that he was entitled to appear with a representative with $2,000 of settlement authority, as that was the last settlement offer made by Defendant.  *See id.*  This argument fails.  The point of a Court-

---

[4]  Federal Rule 16(f) provides for the imposition of "just" sanctions, while Local Rule IA 4-1 provides for the imposition of "any and all appropriate sanctions" where the sanctioned party fails to show "just cause" for his disobedience of an order.  Although both sources of authority are referenced in the Court's order to show cause, *see* Docket No. 57 at 1, Mr. Crosby's Response focuses on Federal Rule 16(f) and does not discuss Local Rule IA 4-1, *see* Docket No. 58.  The Court likewise discusses them together.  The Court does not reach the issue of whether sanctions are appropriate under the Court's inherent authority, which Mr. Crosby also failed to address in his Response.

ordered settlement conference is to facilitate settlement discussions beyond those the parties have had themselves.  If the parties were required to bring representatives with authority only to re-offer previously rejected settlement offers, there would be no point in expending court resources to conduct a settlement conference.  The Court does not expend its resources so that the parties can come to the same impasse they reached without Court involvement.  The Court therefore rejects Mr. Crosby's argument that this language provides a justification for bringing a representative who had $5,000 in settlement authority.

Mr. Crosby also makes two arguments regarding the term "up to the full amount of the claim."  Docket No. 58 at 3.  Similar to his argument above, Mr. Crosby argues that the term "full amount of the claim" is vague because it does not specify whether the value relates to Plaintiff's claim as alleged or to Defendant's own assessment of the claim.  *Id.* at 3-4.  Because Defendant believes "the claim is worthless," Mr. Crosby argues that he complied with the SC Order by bringing a representative with almost no settlement authority.  *Id*. at 4.  This argument again fails. The Court fails to see any reasonable interpretation of the term "up to the full amount of the claim" to mean a party's own valuation of the claim.  By Mr. Crosby's logic, he could have appeared at the settlement conference with a representative with *no settlement authority* because Defendant believes strongly that it will prevail on its claims.  That obviously defeats the point of having a settlement conference.

Mr. Crosby next points to the fact that Plaintiff has not provided Defendant with a precise calculation of his damages or expert testimony regarding the value of the claim.  *See id.*  This argument is also meritless.  The remaining claim in this case centers on Defendant's refusal to hire Plaintiff in retaliation for engaging in protected activity.  *See* Docket No. 41 at 4-5.  Defendant possesses information about the wages Plaintiff would have received had he been hired.[5]  Regardless of whether Plaintiff has provided a precise calculation or expert testimony of his damages, Mr. Crosby cannot, and does not, argue that he believed the full amount of the claim is $5,000 or less.

_____

[5] Like other employment cases, shortly after the answer was filed Mr. Crosby was required to appear at that Early Neutral Evaluation session with a representative "with authority to settle this matter up to the full amount of the claim."  *See* Docket No. 15.

1    In short, Mr. Crosby did not articulate any basis from the SC Order's language providing a

2    justification for his attendance at the settlement conference with a representative having $5,000 in

3    settlement authority.

4        **B.    Wisdom of the Court's Order**

5        Mr. Crosby lastly argues that the Court's policy of requiring attendance of a representative

6    with full settlement authority, "pragmatically, does not further the purpose of a pretrial settlement

7    conference."  Docket No. 58 at 5.  In particular, he notes that the Court is not empowered to force a

8    party into a settlement and argues that the outcome of the settlement conference would have been no

9    different had a representative with full settlement authority attended.  *Id.* at 4-5.  It is well settled

10   that, while the Court may not require parties to settle a case, it may require attendance at a

11   settlement conference by counsel and proper corporate representatives.  *See, e.g.*, *G. Heileman*

12   *Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 650-53 (7th Cir. 1989) (en banc).[6]  Regardless of

13   Mr. Crosby's belief about the wisdom of the Court's SC Order, he was required to obey it.  *E.g.*,

14   *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979) ("An attorney who believes a

15   court order is erroneous is not relieved of the duty to obey it.");  *see also G. Heileman Brewing*, 871

16   F.2d at 654-55 (having not challenged magistrate judge's attendance requirements prior to

17   settlement conference, party "was left with only one course of action: it had to comply fully with the

18   letter *and* intent of the order and argue about its reasonableness later").[7]

19       **C.    Sanctions**

20       For the reasons discussed above, the Court finds the imposition of sanctions appropriate.

21   The Court has broad discretion in fashioning the appropriate sanctions for violating a Court order.

22   *See, e.g.*, *Official Airline Guides*, 6 F.3d at 1396.  The Court may award any "just" sanctions under

23   Rule 16(f) and "any and all appropriate" sanctions under Local Rule IA 4-1.  In determining the

24

25       [6]  The importance of having attendance of a representative with full settlement authority is well-
26   documented, *see, e.g.*, *Nick*, 270 F.3d at 597 (quoting district court order), and the Court declines to
     further explain it here.

27       [7]  Had he believed grounds existed to do so, prior to the settlement conference Mr. Crosby could
28   have requested that the Court modify the attendance requirements.  He did not make such a request.

appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures. *Martin Family Trust*, 186 F.R.D. at 603.  The Court also considers the resources wasted by the opposing party due to the violation of the Court order.  *See, e.g.*, Federal Rule 16(f)(2).

The Court finds that Mr. Crosby should be sanctioned personally in the amount of $560 for his failure to comply with the Court's SC Order.  This amount falls on the lower end of the spectrum of appropriate sanctions here,[8] but the Court believes the sanction is sufficient to deter similar misconduct in the future.  The sanction is personal to Mr. Crosby.  Payment of $500 shall be made **within ten days** as a court fine to the "Clerk, U.S. District Court."  Payment of $60 shall be made **within ten days** to Plaintiff to cover costs incurred in preparing and delivering his settlement statement, as well as preparing for and attending the settlement conference.  Mr. Crosby shall submit proof of payment to the undersigned Judge's chambers within five days of payment.

## IV.   CONCLUSION

For the reasons discussed above, the Court hereby **DISCHARGES** the order to show cause as to Defendant KRD Trucking West and **SANCTIONS** Mr. Crosby personally in the amount of $560, pursuant to Federal Rule 16(f) and Local Rule IA 4-1.

IT IS SO ORDERED.

DATED: March 6, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

cc: Clerk's Office

---

[8]  By way of example, the Eighth Circuit has upheld sanctions of $4,341.25 in similar circumstances.  *See Nick*, 270 F.3d at 594, 597 (affirming sanctions under Federal Rule 16(f) and local rule similar to Local Rule IA 4-1, consisting of $506.25 in settlement conference fees, $2,275 in attorney's fees, $1,500 in court fine, and $60 in costs to plaintiff, based on the party appearing at settlement conference with representative with limited settlement authority and failing to prepare a settlement memorandum).