# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDDIE D. WILSON,

     Plaintiff,

v.

KRD TRUCKING WEST,

     Defendant.

Case No. 2:10-CV-00163-KJD-RJJ

**ORDER**

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT**

     The above-captioned matter having come on for a non-jury trial before this Honorable Court on June 3, 2013, and the Court having considered the evidence presented by the parties, the testimony of the witnesses, and the arguments of counsel, and good cause appearing therefore, the Court hereby makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

     1.     KRD Trucking West, Inc. ("KRD"), at the time of the filing of the Complaint, was a Nevada Corporation.

     2.     Plaintiff Eddie Wilson ("Plaintiff") was, at all times relevant hereto, a resident of Clark County, Nevada.

3.     The Plaintiff was a participant in a lawsuit against Republic Silver State Disposal, Inc., d/b/a Republic Services of Southern Nevada ("Republic"), which was prosecuted by the Equal Employment Opportunity Commission ("EEOC") ("Republic Lawsuit").

4.     The Republic Lawsuit was filed on September 30, 2004 under case number 04-cv-01352-DAE-LRL.

5.     Summary Judgment was granted against the Plaintiff in the Republic Lawsuit on February 17, 2009. (Docket #253, Case No. 04-cv-01352-DAE-LRL).

6.     The Plaintiff applied for a position with KRD in October 2006.

7.     Ron Carlson was in charge of hiring for KRD in 2006.

8.     The Plaintiff was not hired by KRD.

9.     KRD did not receive a list containing the names of the persons participating in the Republic lawsuit prior to the Plaintiff applying for a position with KRD.

10.    The Plaintiff did not produce evidence that Republic, or any of its agents or affiliated companies/entities, created a list of persons participating in the Republic Lawsuit.

11.    No list containing the Plaintiff's name and identifying Plaintiff's participation in the Republic Lawsuit was presented to the Court at the time of trial.

12.    KRD did not have knowledge of Plaintiff's involvement in the Republic Lawsuit until the Plaintiff filed the subject Complaint.

13.    The Plaintiff's participation in the Republic Lawsuit and KRD's decision not to hire the Plaintiff were not causally connected or related in any way.

14.    KRD did not retaliate against the Plaintiff based upon his participation in the Republic Lawsuit.

**CONCLUSIONS OF LAW**

15.    42 U.S.C. § 2000e-3(a) provides that it is unlawful for an employer to retaliate against a person for engaging in protected activity. 42 U.S.C. § 2000e-3(a); see Learned v. City of Bellevue, 860 F.2d 928 (9th Cir. 1988).

2

16.    In order to prove a *prima facie* case of retaliation under Title VII, a plaintiff must show: (1) the plaintiff engaged in protected activity; (2) the employer subjected the palintiff to an adverse employment decision; and (3) there was a causal link between the protected activity and the employer's action. Steiner v. Showboat Operating Co, 25 F.3d 1459, 1464 (9th Cir. 1994); Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir. 1987).

17.    If the plaintiff can establish a *prima facie* case of retaliation, the burden shifts to the employer to provide a legitimate, non-retaliatory basis for its decision. Nilsson v. City of Mesa, 503 F.3d 947, 954 (9th Cir. 2007).

18.    If an employer provides a legitimate, non-retaliatory reason, the burden shifts back to the plaintiff to prove the legitimate reason was a pretext for a retaliatory motive. Nilsson v. City of Mesa, 503 F.3d 947, 954 (9th Cir. 2007).

19.    If a plaintiff is unable to prove any element of his *prima facie* case, the court need not proceed to the burden-shifting analysis. Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996).

20.    A plaintiff must show that his participation in a protected activity was the "but-for" cause in the adverse employment action. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002).

21.    In order to be awarded punitive damages, a plaintiff must provide sufficient evidence that an employer willfully and egregiously retaliated against the plaintiff or acted with reckless indifference to the employee's federally protected rights. See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 534 (1999); Ngo v. Reno Hilton Resort Corp., 140 F.3d 1299, 1304 (9th Cir. 1998).

22.    Punitive damages may not be awarded when the employer's actions are merely negligent. Ngo v. Reno Hilton Resort Corp., 140 F.3d 1299, 1304 (9th Cir. 1998).

23.    The Court finds, as a matter of law, the Plaintiff's participation in the Republic Lawsuit constituted a protected activity.

24. The Court finds, as a matter of law, the Plaintiff failed to prove KRD's decision not the hire Plaintiff was the result of Plaintiff's participation in the Republic Lawsuit.

25. The Court finds, as a matter of law, the Plaintiff failed to prove KRD retaliated against the Plaintiff as defined in 42 U.S.C. § 2000e-3(a).

26. The Court finds, as a matter of law, the Plaintiff failed to establish a claim for retaliation against KRD.

27. The Court finds, as a matter of law, the Plaintiff is not entitled to recovery under his retaliation claim.

28. To the extent any Conclusions of Law are determined Findings of Fact, they are incorporated into the Findings of Fact.

**JUDGMENT**

**IT IS HEREBY ORDERED** that the **Clerk of Court** enter judgment for Defendant KRD and against Plaintiff Wilson.

DATED this 12th day of August 2013.

_____
Kent J. Dawson
United States District Judge